IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Joint Administration Pending) |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) MODIFYING CERTAIN CREDITOR LIST REQUIREMENTS; (II) AUTHORIZING THE DEBTORS TO SERVE CERTAIN PARTIES BY E-MAIL; AND (III) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors-in-possession (the "Debtors" or "FTX"), by and through their proposed undersigned counsel, hereby submit this motion (the "Motion") for entry of an order (i) modifying certain creditor list filing requirements; (ii) authorizing the Debtors to provide e-mail service to certain parties; and (iii) granting related relief. In support of this Motion, the Debtors respectfully represent and set forth as follows:

**PRELIMINARY STATEMENT[2]**

1.  The events that have befallen FTX over the past week are unprecedented. Barely more than a week ago, FTX, led by its co-founder Sam Bankman-Fried, was regarded as one of the most respected and innovative companies in the crypto industry. The Debtors operated the world's second largest cryptocurrency exchange (through its FTX.us and FTX.com platforms), operated one of the largest market-makers in digital assets (through Alameda Research LLC and its affiliates), and conducted diverse private investment and other businesses.

---

[1] The last four digits of FTX Trading Ltd.'s tax identification number are 3288. Due to the large number of debtor entities in these Chapter 11 Cases, for which the Debtors will request joint administration, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information will be made available on a website of the Debtors' proposed claims and noticing agent.

[2] The Debtors anticipate seeking additional relief from the Court later this week. In connection with those subsequent filings, the Debtors will provide additional information for the benefit of the Court and parties in interest.

{1368.002-W0068968.}

2.      FTX faced a severe liquidity crisis that necessitated the filing of these cases on an emergency basis last Friday. Questions arose about Mr. Bankman-Fried's leadership and the handling of FTX's complex array of assets and businesses under his direction. As the situation became increasingly dire, Sullivan & Cromwell and Alvarez & Marsal North America, LLC ("Alvarez & Marsal") were engaged to provide restructuring advice and services to FTX. At approximately 4:30 a.m. on Friday, November 11, after consultation with his own legal counsel, Mr. Bankman-Fried ultimately agreed to step aside, resulting in the appointment of John J. Ray III, an experienced restructuring executive, as Chief Executive Officer. Mr. Ray was delegated all corporate powers and authority under applicable law, including the power to appoint independent directors and commence these cases on an emergency basis.

3.      These cases were commenced soon thereafter early Friday morning, instituting the worldwide automatic stay codified in 11 U.S.C. § 362. The statutory stay and its enforcement are critical to ensuring that FTX, under the leadership of Mr. Ray, can secure and marshal its assets, and conduct an orderly process under centralized management to reorganize or sell FTX's complex array of businesses, investments and property around the world for the benefit of its stakeholders.

4.      Immediately upon appointment, Mr. Ray began working with FTX's external legal, turnaround, cybersecurity and forensic investigative advisors to secure customer and debtor assets around the world, including by removing trading and withdrawal functionality on the exchanges and moving as many digital assets as possible to a new cold wallet custodian while simultaneously responding to a cyberattack that occurred on the Petition Date (as defined below).

5.      In addition to Mr. Ray, new independent directors with appropriate experience have been appointed at each of the main parent companies in the FTX group to ensure proper governance throughout the Chapter 11 process, as follows:

- The Honorable Joseph J. Farnan, Jr. at FTX Trading Ltd., who will serve as Lead Independent Director;

- Matthew A. Doheny at FTX Trading Ltd.;

- Mitchell I. Sonkin at West Realm Shires Inc.;

- Matthew R. Rosenberg at Alameda Research LLC; and

- Rishi Jain at Clifton Bay Investments LLC.

The appointment of Mr. Ray and the independent directors ensures that the Debtors can navigate the chapter 11 process independent of any conflicts and involvement in FTX's prepetition activities.

6. The Debtors have engaged Alvarez & Marsal as proposed financial advisor. An Alvarez & Marsal team on the ground is reviewing the Debtors' books and records and assisting with the preparation of bankruptcy disclosures. In addition, the Debtors have engaged investigative, forensic and cybersecurity experts to work with the team at Sullivan & Cromwell, which includes lawyers with expertise in regulated financial institutions, cybercrime and related investigations.

7. There is substantial interest in these events among regulatory authorities around the world. The Debtors' representatives have been in contact over the past 72 hours with the U.S. Attorney's Office, the U.S. Securities and Exchange Commission, the Commodity Futures Trading Commission, and dozens of Federal, state and international regulatory agencies.

8. As stabilization of the business continues, Mr. Ray and the FTX professionals are moving to the next phase. The Debtors are preparing requests for necessary relief from the Court in order to move these cases forward in the most organized and efficient manner possible under the unprecedented circumstances. This will necessarily require some additional time, but the

Debtors are committed to maximizing value for stakeholders and determining the future of FTX. Facts are still developing and future filings will update and supplement this information.

9. As a result, under the circumstances, the limited relief requested herein should be granted.

## JURISDICTION AND VENUE

10. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[3]

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

12. The statutory predicates for the relief sought herein are sections 105(a) and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended or modified, the "Bankruptcy Code"), rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 1007-1(b).

## BACKGROUND

13. On November 11, 2022 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court (collectively, the "Chapter 11 Cases").

---

[3] Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors hereby confirm their consent to entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

14. The Debtors are authorized to continue operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. On November 14, 2022, the Debtors filed a motion with the Court pursuant to Bankruptcy Rule 1015 seeking joint administration of the Debtors' cases. No statutory committee of creditors, trustee or examiner has been appointed in these Chapter 11 Cases.

## RELIEF REQUESTED

15. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order") (i) modifying certain creditor list filing requirements; (ii) authorizing the Debtors to provide e-mail service to certain parties; and (iii) granting related relief (the "Creditor List Procedures").[4]

16. The statutory bases for the relief requested in this Motion are Bankruptcy Code sections 105(a) and 521, Bankruptcy Rules 2002(m), 9007, 9018, and 9037(d), and Local Rules 1001-1(c), 1007-1 and 2002-1.

## BASIS FOR RELIEF

17. The Debtors' Chapter 11 Cases are complex, consisting of over one hundred debtor entities and involving non-traditional assets. Circumstances necessitated filing the Debtors on an immediate basis in order to take control of and prevent the further dissipation of assets, and to reconstitute control over the Debtors governance with an independent Chief Executive Officer and board members at the controlling entities of the Debtors' businesses. The Debtors' team has worked around the clock since obtaining control of the Debtors from Mr. Bankman-Fried merely three days ago. Mr. Ray has been appointed Chief Executive Officer at each of the Debtors, and well-qualified independent new board members have been seated.

---

[4] The Debtors intend to separately address the need to redact certain customer confidential information pursuant to 11 U.S.C. § 107(c)(1) on an appropriate record.

18. The Debtors are expeditiously working to move these cases forward. As they do so, the Debtors respectfully submit that modifying certain requirements with respect to the filing of the creditor lists and approving the proposed Creditor List Procedures is appropriate in these Chapter 11 Cases. The Court has the authority, pursuant to its equitable powers under section 105(a) of the Bankruptcy Code, to authorize the relief requested herein, because such relief is necessary for the Debtors to carry out their duties under Bankruptcy Code section 1107(a). Bankruptcy Code section 105(a) provides in relevant part, that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Local Rule 1001-1(c) further permits modification of the Local Rules by the Court "in the interest of justice." Del. Bankr. L.R. 1001-1(c).

A.  **Modification of Certain Creditor List Filing Requirements**

19. Bankruptcy Code section 521(a) and Bankruptcy Rule 1007(d) require a debtor to file a list containing the name, address, and claim of the creditors holding the 20 largest unsecured claims against the debtor. As set forth in the Debtors' petitions, there are over one hundred thousand creditors in these Chapter 11 Cases. In fact, there could be more than one million creditors in these Chapter 11 Cases. As such, the Debtors submit that cause exists to modify that requirement such that the Debtors will file a consolidated list of their top 50 creditors (the "Top 50 List") in lieu of a top 20 list for each Debtor on or before November 18, 2022.[5]

20. In addition, the Debtors submit that filing separate creditor lists for each Debtor would be of limited utility because the Debtors anticipate overlap among the various Debtors' creditor lists, and certain Debtors may have fewer than 20 significant unsecured creditors.

---

[5] This Court has authority to modify certain deadlines prescribed under the Bankruptcy Code and Local Rules. *See* Bankruptcy Rule 9006; Local Rules 1007-1(b) and 1017-1. To the extent the proposed Creditor List Procedures deviate from the default deadlines, the Debtors submit that ample cause exists to modify and extend such deadlines in the interest of justice.

Furthermore, the Debtors expect that the exercise of compiling separate creditor lists for each individual Debtor would consume an excessive amount of the Debtors' limited time and resources at this critical time. This Court has granted relief similar to the relief requested herein with respect to preparation of a consolidated creditor lists. *See, e.g., OSG Group Holdings, Inc.*, No. 22-10718 (JTD) (Aug. 9, 2022) (authorizing consolidated top 50 creditor list); *In re Fast Radius, Inc., et al.*, Case No. 22-11051 (JKS) (Bankr. D. Del. Nov. 9, 2022) (authorizing the debtors to maintain a consolidated list of creditors in lieu of separate mailing matrices); *In re Vesta Holdings, LLC, et al.*, Case No. 22-11019 (LSS) (Bankr. D. Del. Nov. 1, 2022) (same); *In re TPC Group Inc., et al.*, Case No. 22-10493 (CTG) [D.I. 344] (Bankr. D. Del. June 30, 2022) (same); *In re Gold Standard Baking, LLC, et al.*, Case No. 22-10559 (JKS) (Bankr. D. Del. June 23, 2022) (same); *In re EYP Group Holdings, Inc., et al.*, Case No. 22-10367 (MFW) (Bankr. D. Del. April 26, 2022) (same); *In re Sequential Brands Group, Inc., et al.*, Case No. 21-11194 (JTD) (Bankr. D. Del. Sept. 1, 2021) (same); *In re Alex and Ani, LLC*, Case No. 21-10918 (CTG) (Bankr. D. Del. June 11, 2021) (same); *In re Cred Inc., et al.*, Case No. 20-12836 (JTD) (Bankr. D. Del. Nov. 10, 2020) (same).

**B.     Request for Authority to Provide E-Mail Service to Creditors**

21.     Although the Bankruptcy Rules generally require notices to be served on creditors at their addresses, they give significant latitude to bankruptcy courts for modifying the general rule. *See* Fed. R. Bankr. P. 2002(m); Fed. R. Bankr. P. 9007. Bankruptcy courts have explicit authority to modify the manner in which notice is given. Fed. R. Bankr. P. 2002(m); *see In re Cred Inc., et al.*, Case No. 20-12836 (JTD) (Bankr. D. Del. Nov. 10, 2020) (authorizing debtor cryptocurrency platform to serve creditors via e-mail).

22.     Here, the Debtors have more than one hundred thousand (100,000) creditors, most of whom are the Debtors' customers. Additionally, the Debtors' numerous former customers also will require service of a voluminous number of notices. Because the Debtors operate an online

cryptocurrency platform, all of the Debtors' current and former customers interact with the Debtors via e-mail, and the Debtors interact with their customers online through web-based applications and e-mail.

23.     Accordingly, the Debtors request authority to serve creditors by e-mail, where an e-mail account is available to the Debtors. Not only is this likely the most efficient manner by which service of all interested parties can be completed, it is also the most likely to facilitate creditor responses because the customer base currently receives all notices electronically from the Debtors.

24.     The Debtors submit that implementation of the procedures requested herein are appropriate in these Chapter 11 Cases and well within the Court's equitable powers under section 105(a) of the Bankruptcy Code.

## Notice

25.     Notice of this Motion will be provided to: (a) the U.S. Trustee; (b) the Securities and Exchange Commission; (c) the Internal Revenue Service; (d) United States Department of Justice; (e) the United States Attorney for the District of Delaware; (f) the parties identified on the Debtors' consolidated list of 50 largest unsecured creditors; and (g) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the forms attached hereto: (i) granting the relief requested in this Motion, and (ii) granting such other and further relief as the Court may deem proper.

Dated: November 14, 2022
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ 

Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
       brown@lrclaw.com
       pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (*pro hac vice* pending)
James L. Bromley (*pro hac vice* pending)
Brian D. Glueckstein (*pro hac vice* pending)
Alexa J. Kranzley (*pro hac vice* pending)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
       bromleyj@sullcrom.com
       gluecksteinb@sullcrom.com
       kranzleya@sullcrom.com

*Proposed Counsel for the Debtors
and Debtors-in-Possession*